E-FILED
Monday, 11 May, 2009  03:45:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20106 |
| ) | |
| **JARRETT L. CRAWFORD,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion for Extension of Time to File a Title 28 USC § 2255 Proceeding (#25). In his Motion (#25), Defendant, Jarrett L. Crawford, is seeking an order from this court equitably tolling the time to file a Motion under 28 U.S.C. § 2255. Defendant asked this court to extend time beyond the one year limit for him to file his § 2255 motion because his prison is currently on lockdown. Because this court concludes that it does not have the authority to grant this relief, Defendant's Motion (#25) is DENIED.

ANALYSIS

Defendant is requesting an extension of time in which to file his Motion under 28 U.S.C. § 2255, based upon the prison where he is incarcerated being on lockdown as of April 23, 2009. This court concludes that it has no authority to extend the time permitted for filing a § 2255 motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitations applies to motions filed under § 2255. 28 U.S.C. § 2255(f). The United States Supreme Court has recently stated that "Congress enacted AEDPA to advance the finality of criminal convictions." Mayle v. Felix, 545 U.S. 644, 662 (2005). "To that end, it adopted a tight time line, a one-year limitation period ordinarily running from 'the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review.'" Mayle, 545 U.S. at 662, quoting 28 U.S.C. § 2244(d)(1)(A).  The Supreme Court therefore held that a timely filed habeas petition cannot be amended to add new, unrelated claims after the AEDPA's one-year limitation period has run.  Mayle, 545 U.S. at 662-64; see also Jackson v. United States, 2007 WL 1062923, at * 2-3 (C.D. Ill 2007) (applying Mayle to a request to amend a Motion under § 2255).

Other courts have determined, based upon similar reasoning, that a district court does not have the authority to extend the deadline for filing a Motion under § 2255 except for those instances which Congress expressly authorized.  See Paschal v. United States, 2003 WL 21000361, at * 2 (N.D. Ill 2003) (citing cases).  The court in Green v. United States, 260 F.3d 78 (2nd Cir. 2001) stated that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." Green, 260 F.3d at 82-83.

In this case, Defendant has not yet filed a Motion under § 2255, nor does his motion contain allegations which would support a claim for relief under § 2255.  See Green, 260 F.3d at 83-84.  In addition, Defendant has not shown there are any "rare and exceptional" circumstances which would warrant equitably tolling the limitations period.  See Paschal, 2003 WL 21000361, at *3.  Defendant has not shown why the prison being in lockdown prevents him from filing a § 2255 motion. Defendant was able to send the court a handwritten letter and an attached memorandum from the prison warden explaining the lockdown.  In short, he has not shown there was anything preventing him from filing a timely Motion under § 2255.

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion for Extension of Time to File a Title 28 USC § 2255 Proceeding (#25) is DENIED.

ENTERED this 11th day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE